**IN THE UNITED STATE BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| IN RE: Michael Robert Dickinson | Case No. 18-34024-KRH |
| Debtor | Chapter 13 |

Samuel J.T. Moore III
    Plaintiff

vs.

Michael Robert Dickinson
    Debtor

and

Carl M. Bates, Esq.
    Chapter 13 Trustee

**RESPONSE TO MOTION FOR 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS**

COMES NOW the Debtor Michael Robert Dickinson, by counsel, Sharon C. Stuart, Esquire, and as and for Debtor's Response to the Plaintiff's Motion for 2004 Examination filed on October 1, 2018 says as follows:

1. Debtor objects to plaintiff's Motion for a 2004 Examination and Production of Documents from Knowledgeable Parties on the grounds that the 2004 examination's scope is too broad and vague. For instance, the plaintiff's request to produce all pertinent documents of the debtor three prior years from the filing of this motion as well as older activity and documents is akin to a fishing expedition and too vague and broad.

Sharon Stuart, VSB # 45026
Counsel for Debtor
Stuart Law Firm, LLC,
2222 Monument Avenue
Richmond, VA  23220
Phone: (804) 221-2162/Fax: (804) 381-5026

2. On October 15, 2018, the Chapter 13 Trustee filed an objection to the confirmation of debtor's chapter 13 plan. Accordingly, an amendment to debtor's schedules and statement were filed on October 22, 2018. In addition, bank statements from the past three (3) years were submitted to the trustee to examine.

3. On October 31, 2018, the Debtor filed an objection to Samuel J.T. Moore, III's proof of claim number 2 (2-1 and 2-2).

4. As such, Debtor requests that the federal civil discovery rules, including but not limited to Bankruptcy Rules 9014, 7026 and 7028-7037, be made applicable to the plaintiff's request for a 2004 Examination and production of documents.

5. Debtor requests the court order plaintiff to submit written interrogatories, and to limit the interrogatories to 25 questions.

6. Debtor respectfully asks this court to allow the 2004 Examination to be conducted in a conference room in the U.S. Bankruptcy Court. Debtor is fearful of the plaintiff and requests this court to provide a safe environment for the 2004 examination to take place.

WHEREFORE, DEBTOR respectfully moves the Court to order:

a. that the Plaintiff send written interrogatories, limited to 25 questions, prior to the 2004 examination of debtor;

b. that he 2004 examination take place in a conference room in the U.S. Bankruptcy Court; and,

c. that Debtor be granted all other relief as this Court deems just and proper.

Respectfully submitted,
Michael Robert Dickinson


By: /s/ Sharon C. Stuart
Sharon Stuart, VSB # 45026
Counsel for Debtor
Stuart Law Firm, LLC,
2222 Monument Avenue
Richmond, VA  23220
Phone: (804) 221-2162
Fax: (804) 381-5026


Certificate of Service


I certify that on October 31 , 2018, I sent a true copy of the foregoing Answer by ECF transmittal, first class mail, postage prepaid, via email or fax to the following parties:

US Trustee
By Email to:  USTPRegion04.RH.ECF@usdoj.gov

Samuel J.T. Moore III
Pro Se Creditor
1011 West Grace Street
Richmond, VA 23220
By First Class Mail


Carl M. Bates
By ECF Transmission

Michael Dickinson
3717 Patterson Avenue
Richmond, VA  23221
By First Class Mail


By:/s/ Sharon C. Stuart
Counsel for Debtor