# IN THE UNITED STATE BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

IN RE: Michael Robert Dickinson      Case No. 18-34024-KRH
    Debtor      Chapter 13

Samuel J.T. Moore III
    Plaintiff

vs.

Michael Robert Dickinson
    Debtor

and

Carl M. Bates, Esq.
    Chapter 13 Trustee

## RESPONSE TO CREDITOR'S OBJECTION TO CHAPTER 13 PLAN

COMES NOW the Debtor Michael Robert Dickinson, by counsel, Sharon C. Stuart, Esquire, and as and for Debtor's Response to the Creditor's Objection to Chapter 13 plan filed on November 13, 2018 says as follows:

1. On August 22, 2018, Debtor filed his chapter 13 plan.

2. The creditor has received notice of debtor's bankruptcy as evidenced by his court filings summarized in part below:

    a. On August 21, 2018, the creditor Samuel J.T. Moore, III ("Moore") filed a Change of Address with this court.

    b. Moore filed a proof of claim on August 24, 2018 and then amended his claim on September 7, 2018.

    c. On October 1, 2018, Moore filed a Motion for 2004 Examination with this court.

    d. On October 2, 2018, Moore filed a Motion to Approve Production of Documents with this court.

    e. On November 13, 2018, Moore filed an Objection to Chapter 13 Plan.

3. On October 15, 2018, the Chapter 13 Trustee filed an objection to the confirmation of debtor's chapter 13 plan. Accordingly, an amendment to debtor's schedules and statement were filed on October 22, 2018. In addition, bank statements from the past three (3) years were submitted to the trustee to examine.

4. No other parties timely filed an objection to the chapter 13 plan.

### I. Failure to timely file objection

5. The deadline to object to the chapter 13 plan was October 17, 2018.

6. On November 13, 2018, Moore filed an Objection to Chapter 13 Plan.

7. As such, Debtor requests that Moore's objection be overruled as untimely pursuant to Federal Rules of Bankruptcy Procedure Rule 3015(f) and Local Bankruptcy Rule 3015-2 (E) .

### II. Failure to State Grounds for Objection

8. Furthermore, Moore's objection fails to state a claim upon which relief can be granted. Federal Rules of Civil Procedure 12(b)(6), made applicable herein by Federal Rule of Bankruptcy Procedure 7012.

9. More specifically, the basis for his objection to the confirmation of the chapter 13 plan is not stated.

### III. Alternatively, 2004 examination should be Denied and Cancelled because of this Pending Contested Matter

10. If the objection is not dismissed or overruled, then Moore's request for a 2004 examination should be denied and cancelled.

11. Moore's objection to confirmation of the chapter 13 plan is a contested matter, triggering the application of Part VII Rules of the Federal Rules of Bankruptcy Procedure.

12. As such, the 2004 examination would be improper in light of the pending contested matter.

WHEREFORE, DEBTOR respectfully moves the Court to order:

a. That the Creditor's objection to the Chapter 13 plan concerning debtor's move to avoid liens is dismissed or overruled; or,

b. That, if the objection is not dismissed, then the debtor requests that creditor's request for a 2004 examination be denied and cancelled, on the basis that a pending contested matter has commenced.

c. That Debtor be granted all other relief as this Court deems just and proper.

Respectfully submitted,
Michael Robert Dickinson

By: /s/  Sharon C. Stuart
Sharon Stuart, VSB # 45026
Counsel for Debtor
Stuart Law Firm, LLC,
2222 Monument Avenue
Richmond, VA  23220
Phone: (804) 221-2162
Fax: (804) 381-5026

Certificate of Service

I certify that on November 16 , 2018, I sent a true copy of the foregoing Answer by ECF transmittal, first class mail, postage prepaid, via email or fax to the following parties:

US Trustee
By Email to:  USTPRegion04.RH.ECF@usdoj.gov

Samuel J.T. Moore III
Pro Se Creditor

1011 West Grace Street
Richmond, VA 23220
By First Class Mail


Carl M. Bates
By ECF Transmission

Michael Dickinson
3717 Patterson Avenue
Richmond, VA  23221
By First Class Mail

                                                    By:/s/ Sharon C. Stuart
                                                        Counsel for Debtor